**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SHATSKOV MAKSIM,

                                                    Petitioner,

v.

CHRISTOPHER LAROSE, et al.,

                                                    Respondents.

Case No.:  3:26-cv-03199-RBM-JAC

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 6]**

       Pending before the Court is Petitioner Shatskov Maksim's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241. (Doc. 6.)  For the reasons set forth below, the Amended Petition is **GRANTED IN PART**.

                    **I.    BACKGROUND**

**A.    Factual Background**

       Petitioner, a native of Russia, entered the United States seeking asylum on October 6, 2025.  (Doc. 1 at 2.)  Petitioner presented himself to immigration authorities, was immediately detained, and has remained in detention at the Otay Mesa Detention Center ever since.  (*Id*.)  Petitioner was provided with a credible fear interview on October 20, 2025.  (*Id*.)  After receiving a positive credible fear determination, Petitioner submitted an application for asylum and withholding of removal on November 19, 2025.  (*Id*.)

1

On May 1, 2026, an immigration judge ("IJ") denied Petitioner's applications for relief and ordered him removed. (*Id*.) Petitioner appealed the IJ's decision with the Board of Immigration Appeals ("BIA") on May 11, 2026, and his appeal is currently pending. (*Id*. at 2–3.) Petitioner plans to appeal to the Ninth Circuit Court of Appeals if the BIA dismisses his appeal. (*Id*. at 2.)

**B.      Procedural Background**

Petitioner, proceeding *pro se*, commenced this action by filing a Petition for Writ of Habeas Corpus on May 22, 2026. (Doc. 1.) Petitioner also "request[ed] that the federal court provide [him] with free federal counsel, if necessary." (*Id*. at 7.) On June 5, 2026, the Court issued an order referring the Petition to the Federal Defenders of San Diego, Inc. for an evaluation of whether Petitioner is eligible for appointment of counsel. (Doc. 3.) On June 12, 2026, Petitioner, by and through counsel, filed the Amended Petition. (Doc. 6.) Respondents filed a Return to the Petition on June 18, 2026 (Doc. 7), and Petitioner filed a Traverse on June 22, 2026 (Doc. 8).

## II.      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. § 2241(c)(3).

## III.      DISCUSSION

Petitioner claims he has been detained since October 6, 2025, without a bond hearing in violation of the Fifth Amendment's Due Process Clause. (Doc. 6 at 3.) Respondents contend the Amended Petition should be denied because this Court lacks jurisdiction under

3:26-cv-03199-RBM-JAC

U.S.C. § 1252(g) and Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). (Doc. 7 at 1.)

As a preliminary matter, the Court has consistently rejected Respondents' jurisdictional argument and does so again here for the same reasons. *See Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025); *Asayehegn v. Larose*, Case No.: 3:26-cv-00663-RBM-BJW, 2026 WL 937126, at *2 n.2 (S.D. Cal. Apr. 7, 2026); *Asadimofarah v. Larose*, Case No.: 3:26-cv-00618-RBM-BJW, 2026 WL 891616, at *1 n.2 (S.D. Cal. Apr. 1, 2026); *Cabrel v. LaRose*, Case No.: 3:26-cv-00526-RBM-BJW, 2026 WL 891838, at *2 n.2 (S.D. Cal. Apr. 1, 2026). Petitioner challenges his prolonged immigration detention without a bond hearing under the Fifth Amendment's Due Process Clause. (*See* Doc. 6 at 3–8.) Petitioner is therefore enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).

The Court has also granted petitions filed by similarly situated petitioners and rejected Respondents' argument that a noncitizen "detained under 8 U.S.C. § 1225(b)(1) [does not] have a due process right to release or a bond hearing after being detained for a certain period of time[.]" (*See* Doc. 7 at 6–8 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020); and *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953).) In *Xie v. LaRose*, the Court rejected Respondents' identical arguments and "join[ed] the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." Case No.: 3:26-cv-00529-RBM-DDL, 2026 WL 549909, at *2 (S.D. Cal. Feb. 27, 2026); *see Khadka v. Otay Mesa Det. Ctr.*, No. 3:26-CV-00475-RBM-MMP, 2026 WL 800177, at *3 (S.D. Cal. Mar. 23, 2026); *Malyshko v. Warden, Otay Mesa Det. Ctr.*, Case No.: 3:26-cv-00069-RBM-SBC, 2026 WL 252367, at *4 (S.D. Cal. Jan. 30, 2026) (quoting *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)); *Zhakuov v. Noem*, Case No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *2

3

(S.D. Cal. Feb. 25, 2026) (quoting the same); *Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *2 (S.D. Cal. Jan. 27, 2026) (same). The Court incorporates its reasoning in *Xie* and makes the same findings here.

To determine whether § 1225(b) detention has become unreasonable, the Court considers:

> (1) total length of detention to date; (2) likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Kydyrali*, 499 F. Supp. 3d at 773 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019)).

First, "the length of detention . . . is the most important factor." *Banda*, 385 F. Supp. 3d at 1106. Petitioner has been detained for nine months since his initial entry into the United States. (*See* Doc. 6 at 3.) "Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases). This factor therefore weighs in favor of Petitioner.

Second, the likely duration of future detention also weighs in favor of Petitioner. Respondents argue that "Petitioner's individual merits hearing recently concluded on May 1, 2026, [and] [a]ny length of detention after that point is purely speculative." (Doc. 7 at 9.) However, Petitioner appealed the removal order with the BIA in May 2026, which remains pending, and "[i]f the BIA dismisses his appeal, he plans to appeal to the Ninth Circuit." (*See* Doc. 6 at 2.) Respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved," and the appeal "could lead to further proceedings that might take up many more months, or even years." *Masood v. Barr*, Case No. 19-cv-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020); *see Guatam v. Corr. Corp. of Am.*, Case No.: 3:25-cv-3600-JES DEB, 2026 WL 25846, at *5 (S.D. Cal. Jan. 5, 2026) ("[A] removal order may not become final until after the appeals [the Parties] could file, to

both the Board of Immigration Appeals and Ninth Circuit"). As such, "Petitioner faces an undetermined, but likely significant, period of mandatory detention through the appeals process." *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025). The Court therefore finds that Petitioner has reason to anticipate significant future detention.

As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Petitioner claims he has been subject to conditions of confinement at the Otay Mesa Detention Center that are "indistinguishable from penal confinement." (Doc. 6 at 9 (quoting *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *6 (S.D. Cal. Oct. 15, 2025)).) The third factor therefore weighs in Petitioners' favor. *See Kydyrali*, 499 F. Supp. 3d at 773.

The fourth and fifth factors for undue delay in the removal proceedings are, as the Parties agree, neutral. (*See* Doc. 6 at 8; Doc. 7 at 9.)

Finally, "[i]n considering the 'likelihood that the removal proceedings will result in a final order of removal,' the Court considers 'whether the noncitizen has asserted any defenses to removal.'" *Abdul Kadir*, 2025 WL 2932654, at *5 (quoting *Banda*, 385 F. Supp. at 1120). Here, the IJ denied Petitioner's application for asylum and withholding of removal. (Doc. 7 at 2.) This makes it more likely that the removal proceedings will result in a final order of removal. *Cf. Abdul Kadir*, 2025 WL 2932654, at *5 (finding the petitioner's grant of asylum was a strong indication that he would not receive a final order of removal). This weighs against Petitioner.

Three of the factors, including "the most important one," weigh in Petitioner's favor and only one weighs against him. The Court therefore finds that "Petitioner's detention under § 1225(b) has become unreasonably prolonged and due process . . . requires that he be provided with a bond hearing." *Khadka*, 2026 WL 800177, at *5. While Petitioner seeks his release (*see* Doc. 6 at 8), the Court finds it appropriate to hold a bond hearing to determine the conditions of his potential release. The Court therefore finds that Petitioner is entitled to a bond hearing and **<u>GRANTS</u>** the Amended Petition on this ground.

3:26-cv-03199-RBM-JAC

## IV.   CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**.  To the extent Petitioner seeks his release from custody, the Petition is **DENIED**.  Accordingly:

1. The Government is **ORDERED** to provide the noncitizen with an individualized bond hearing before an immigration judge **within fourteen (14) days** of the entry of this Order, unless the noncitizen requests a continuance, to determine whether his continued detention is warranted.  If the noncitizen does not request a continuance, and no hearing occurs **within fourteen (14) days** of entry of this Order, the noncitizen **SHALL** be released from custody.

2. At the bond hearing, the Government **SHALL** bear the burden of establishing by clear and convincing evidence that the noncitizen poses a danger to the community or a risk of flight.

3. If bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[1]

4. The Government **SHALL FILE** a status report **within 5 days** of providing the noncitizen with a bond hearing indicating whether and when the noncitizen received a bond hearing, and the outcome of that bond hearing.

5. The Government **SHALL** make the audio of the bond hearing available to the noncitizen and his counsel upon request.

**IT IS SO ORDERED**.

DATE:  July 17, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").

3:26-cv-03199-RBM-JAC